## THE PEOPLE v. GEHR.

A challenge for cause is warranted where the juror, on his voir dire, states that it would require proof to change the opinion then existing in his mind.

The fact that the juror says that he could try the cause impartially, will not make him competent. The life or liberty of a citizen is not to be committed to the decision of those whose prejudices and pride of opinion are enlisted against him.

APPEAL from the County Court of Nevada County.

Indictment for robbery.

On the trial of this cause, one R. R. Craig, who was being examined upon his voir dire, touching his qualification as a juror, answered that he had formed and expressed an opinion as to the guilt or innocence of the prisoner, and that he then believed the prisoner to be guilty of the offence charged; that this opinion was formed from rumor, on the supposition that the rumor was true, and that testimony would alter or remove it; that he thought he could try the case without bias or prejudice, but it would require proof to change the opinion then existing in his mind.

The defendant challenged the juror for cause; the challenge was denied, and defendant excepted.

The defendant was convicted, and sentenced to ten years' confinement in the state prison, from which judgment he took this appeal.

*Belden & Yant* for Appellant.

The case of The People v. McCauley, 1 Cal., 385, can doubtless be considered the extreme limit to which antecedent impressions as to the matter in issue can be carried without disqualifying as a juror. The subsequent cases of The People v. Stewart, January Term, 1857, and People v. Nathan Cottle, July Term, 1856, are the very proper modifications of the extreme rule laid down in the case first cited, it will be seen, however, from the record, that even the decision in the McCauley case is far from sustaining the ruling of the Court in the case at bar, especially if the reasoning upon which our statute was framed be taken into con-

sideration. In The People v. Bodine, 1 Denio, 281, referred to by this Court as explanatory of our statute, it will be seen that the instructions of the Circuit Judge (which were afterwards made the basis of the enactment) amount to this, that the formation of a fixed and decided opinion, such as it would require evidence to remove, of the guilt or innocence of the prisoner, disqualified as a juror, and that the declaration of the party that he could try the cause without bias, did not render him competent. The term "decided" in this opinion must be regarded as explaining and controlling the word "fixed," for if the latter is to receive its ordinary signification of unalterable or immovable, it would be impossible to disqualify a juror. There are few propositions deduced from facts, by reason and analysis, which amount to demonstration, and that opinion which is founded in less, must be changeable. The ruling of the Circuit Judge must not be construed to mean a fixed and unalterable conclusion, but that the mind of the juror, acting upon the rumors and reports in circulation, and judging from these as its premises, had formed an opinion from which it would not free itself, but that other or external evidence must be adduced to change or overthrow the conclusion to which it had arrived. In the case at bar, the juror does not give his sentiments as opinion, but declares them as belief—and between the opinion and belief, a well-defined distinction is drawn. Both terms are employed in our statute, but both justice and reason require that in the enactment, belief should be construed as synonymous with persuasion or opinion. As defined by Webster, opinion is the assent of the understanding gained by evidence of probability, which rather inclines to one persuasion than another, yet not without a mixture of uncertainty or doubt. Belief, upon the other hand, is termed a persuasion of the truth, or assent of the mind to the truth of a declaration, proposition, or alleged fact, on the ground of evidence distinct from personal knowledge. Opinion may, therefore, be considered the inclination of the mind toward one of several propositions, while belief is the conclusion as to one to the exclusion of the others. In the one, its bias may be changed or removed by its own reasoning powers, but in the other, it rests in its deductions, and external influences can alone change it; that this belief was founded upon reports and rumors, does not change its disqualifying effect. Its existence is what renders the juror incompetent, not why it exists. That he has judged hastily or reasoned superficially, the Court cannot decide. A Newton or Locke may, by metaphysical analysis, arrive at a conviction, which, with another, is mere impulse or conjecture; yet facts, which force the philosopher from his position, might be powerless and futile with the other. The tenacity with which the mind clings to its own deductions, is dependent upon causes of which neither Court nor counsel can be cognizant. The char-

People v. Gehr.

acter of the man, his confidence in his informant, his personal knowledge of the accused—these, and numberless others, are the hidden defences of his position, against which, evidence, argument, and instruction, are alike powerless. In such a case, of what benefit to the prisoner is the time and law-honored presumption that he is innocent until proved guilty? Of what advantage the instructions of the Court, when a conclusion, which should only be derived from law, as applied to legal evidence, existed antecedent to either? Nor does the juror's declaration that he can try the cause without bias, change his position; if the state of his mind, as laid before the Court, exhibit bias or prejudice, his own denial of its existence can no more change the fact than it would were he to deny his presence before the Court. Belief is, also, as I have shown, a conclusion of the mind, and to assert that it does not favor, and is not biased, in support of its own deductions, is to utter a fallacy, nor is the juror to determine his own competency. Bias is a question of both law and fact, and from both the Court is to decide as to competency; to permit a juror, whatever prejudice his examination may have elicited, to qualify himself by a general declaration that he would, or could be governed by evidence, would make challenges for cause a mere farce. As to whether our peremptorily challenging those jurors whom the Court decided qualified, and not exhausting our challenges in completing the panel, causes the error of the Court, in forcing us to excuse, as a matter of favor, what we were entitled to as of right, I would only say that such a rule is virtually declaring that no challenge for cause can properly or safely be interposed until the prisoner's peremptory challenges are exhausted. In the case of The People v. Bodine, before referred to, this question is so ably discussed, by both Court and counsel, that reference to that decision must suffice. 1 Denio, 281.

TERRY, C. J., after stating the facts, delivered the opinion of the Court—BURNETT, J., concurring.

The decision of the Court upon the competence of the juror, was directly in conflict with the statute law, as well as the former rulings of this Court. See People v. Cottle, July Term, 1856; and People v. Stewart, January Term, 1857.

The act to regulate proceedings in criminal cases, section three hundred and forty-seven, prescribes as cause of challenge to a juror, the "having formed, or expressed an unqualified opinion that the prisoner is guilty or not guilty of the offence charged."

The Legislature, by this enactment, evidently designed to secure the parties charged with crime, a fair and impartial trial before an unprejudiced jury, by excluding from the panel all persons who, by reason of having formed or expressed an opinion,

would probably feel an undue bias and be incompetent to weigh impartially the testimony, and arrive at a correct conclusion.

It is well known that there is in the minds of most men, a desire to be thought consistent, which induces them to adhere with tenacity to views once entertained, and expressed; the law has therefore wisely ordained that the life or liberty of a citizen shall not be committed to the decision of those whose prejudices and pride of opinion are enlisted against him.

In the present case the juror admitted, that at the time of his examination, he believed the prisoner guilty of the offence charged, and that it would require proof to change this opinion.

The principle of the law, founded in humanity and justice, presumes the accused to be innocent, and he is not put upon his defence, until his guilt is *prima facie* established by evidence; in the mind of the juror, this principle was reversed, and the accused was already held to be guilty, even before a single witness had testified against him.

The fact that the juror further said, that he could try the cause impartially, was entitled to no consideration; few men will admit that they have not sufficient regard for truth and justice to act impartially in any matter, however much they may feel in regard to it, and every day's experience teaches us that no reliance is to be placed in such declarations.

Nor is the fact that the opinion of the juror was formed merely from rumor, any argument in favor of his competency. The statute excludes all who have formed or expressed an unqualified opinion upon the question of guilt, whether the opinion is formed from rumor or from the evidence, or from personal knowledge.

In fact, the rights of the accused would probably be much safer, in the hands of a juror whose opinion had been formed from a partial knowledge of the testimony, than of one who was capable of forming and expressing a fixed and unqualified opinion in matters of such moment from mere idle rumor.

The judgment of the Court below is reversed, and a new trial ordered.