## THE STATE v. BARTON, *Appellant.*

1.   **Competency of Juror who has formed an Opinion.**  One of the persons summoned as jurors, on his examination on the *voir dire*, said:  "I have heard the case talked about a good deal.  I have read the publications in the St. Charles papers with reference to the case, and from what I have heard about the matter, I have formed and still retain an opinion as to the guilt or innocence of the defendant.  I have not talked with any of the witnesses or any one who pretended to know the facts in the case.  I formed my opinion from what I read in the newspapers and conversations I've had with others about the case.  I can hear the evidence and render a fair and impartial verdict in the case regardless of such opinion.  I have at this time no bias or prejudice against the prisoner, from what I have read or heard, which would prevent my giving

him a fair and impartial trial after having heard the evidence." He further said that "It would take evidence to remove the opinion thus formed." *Held*, that he had not such a fixed opinion as disqualified him to serve as a juror on the trial of the case. (Following *State v. Core*, 70 Mo. 491, and other cases.) HENRY and HOUGH, JJ., dissenting.

2. **Criminal Law**: PUNISHMENT OF YOUTH UNDER SIXTEEN. Section 15, article 9 of the statute concerning crimes and punishments, provides: "Whenever any person under the age of sixteen years shall be convicted of any felony, he shall be sentenced to imprisonment in a county jail, not exceeding one year, instead of imprisonment in the penitentiary, as prescribed by the preceding provisions of this law." *Held*, that this section makes imprisonment in the county jail a substitute for imprisonment in the penitentiary only, not for the death penalty.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*T. G. Johns* and *C. W. Wilson* for appellant.

*J. L. Smith*, Attorney-General, for the State in argument cited as to the competency of the jurors, *State v. Baldwin*, 12 Mo. 223; *State v. Davis*, 29 Mo. 391; *State v. Rose*, 32 Mo. 346; *State v. Lawrence*, 38 Iowa 51; *State v. Bryan*, 40 Iowa 379; *State v. Williams*, 3 Stew. (Ala.) 454, 465; *Rice v. State*, 7 Ind. 332; *State v. Sater*, 8 Iowa 420; *Sanchez v. People*, 4 Park. Crim. R. 535, 553; *People v. Brown*, 48 Cal. 253; *O'Connor v. State*, 9 Fla. 215.

NAPTON, J.—The defendant in this case was convicted of murder in the first degree. The evidence and instructions are not preserved in the record, and the only points presented for our consideration are two:

First. The admission by the court on the panel of jurors of two persons, who, on their *voir dire*, admitted that

1. COMPETENCY OF JUROR WHO HAS FORMED AN OPINION. they had formed an opinion from rumor, but stated that they could give a fair and impartial verdict in the case, regardless of such opinion; that they had no prejudice or bias

against the prisoner, and would be governed by the testimony. One of the jurors further said that it would take evidence to remove the opinion thus formed. The court overruled the objections, and the defendant's counsel excepted. This point has been considered and decided at the present term in the case of the *State v. Core*, 70 Mo. 491, and the previous cases referred to and reviewed. I may add that, in the *State v. Davis*, 29 Mo. 392, the precise words used by one of the jurors in this case, "that it would require evidence to remove the opinions they had entertained," were also used by the jurors in that case, who were pronounced by this court competent. We regard these decisions as settling the law in this State.

The second ground upon which we are asked to reverse the judgment is the refusal of the court, after conviction, 2. CRIMINAL LAW: to sentence the defendant to imprisonment punishment of youth under sixteen. in the county jail, it having been found by the court that he was, at the time of committing the murder, under sixteen years old. The statute on which this motion is founded is as follows : " Whenever any person under the age of sixteen years shall be convicted of any felony, he shall be sentenced to imprisonment in a county jail, not exceeding one year, instead of imprisonment in the penitentiary, as prescribed by the preceding provisions of this law." This section seems capable of but one construction, and that is to require imprisonment in a county jail as a substitute for imprisonment in the penitentiary, where such offenses as were punishable by imprisonment in the penitentiary have been committed by a youth under sixteen. A felony punishable by death is not within the letter or meaning of the statute. The judgment must be affirmed. A majority of the court concur. HENRY and HOUGH, JJ., dissent.

HENRY, J., DISSENTING.—The bill of exceptions shows that on his examination on the *voir dire* touching his competency as a juror, George H. Snyder, one of the panel of

forty, answered: "I have heard the case talked about a good deal. I have read the publications in the St. Charles papers with reference to the case, and from what I have heard about the matter, I have formed and still retain an opinion as to the guilt or innocence of the defendant. I have not talked with any of the witnesses or any one who pretended to know the facts in the case. I formed my opinion from what I read in the newspapers and conversations I've had with others about the case. I can hear the evidence and render a fair and impartial verdict in the case regardless of such opinion. I have at this time no bias or prejudice against the prisoner, from what I have read or heard, which would prevent my giving him a fair and impartial trial after having heard the evidence." He further said that "It would take evidence to remove the opinion thus formed." A challenge of this juror for cause was disallowed by the court.

To sustain the action of the court in disallowing the challenge, *Baldwin v. State*, 12 Mo. 225; *State v. Davis*, 29 Mo. 397, and *State v. Rose*, 32 Mo. 355, are relied upon. When this question was under consideration before, in the *State v. Core*, 70 Mo. 491, the court supposed the question to have been settled by the *State v. Rose*, but on a critical examination of that case, I am satisfied that so far from determining the question now before us in favor of the State it is an authority to the contrary. *Baldwin v. State* entirely fails to sustain the competency of the jurors in this case. There the juror said: "That he saw statements in the New Orleans public papers in regard to the transaction; that from these he formed an opinion and believed that, if the statements were true, he has an opinion as to defendant's guilt or innocence, but he had no prejudice or bias against defendant; that his opinion is now unchanged, if the facts are as stated; that he would be governed solely by the evidence; that he had not conversed with witnesses." He was held to be a competent juror, and the court also said that it was not the province of the juror to

pass upon his competency, but for the court to determine
upon the facts whether he was biased or prejudiced or not.
But the answer of the juror there and of the juror here is
totally different. In that case, the opinion formed was
entirely hypothetical. It did not indicate a belief that the
facts were as heard. It does not show any impression upon
the mind which it would require evidence to remove. But
here, the statement of the juror shows that, although his
opinion was formed upon rumors alone, the impression of
the guilt or innocence of the accused was such as would
remain until removed by evidence.

In the *State v. Davis*, all that appears in the opinion
of the court on the subject is as follows : " The objection
to the competency of the jurors cannot be sustained. The
jurors were examined on their *voir dire*, and stated that
they had formed an opinion, but it was upon rumor, and
was not such as would bias or prejudice their minds. This
has long been the law of this State, and such jurors have
invariably been held competent." We have taken the
trouble, however, to examine the record in that case, and
it does not appear that the juror said it would require evi-
dence to change the opinion he had formed ; and, although
this was urged by the counsel as rendering the juror incom-
petent, singularly enough, it was not noticed by the court
in its opinion. But, conceding that it is an authority in
support of the views entertained by a majority of this court,
it is a solitary case in this State and opposed to the great
weight of authority in the United States, as we shall en-
deavor to show ; and, although cited in argument in the
*State v. Rose,* was disregarded. In the *State v. Rose,* the
court said: " The case of the juror Turner comes fully
within the exceptions in that section," (section 14 of the
revision of 1855, page 1191, the same as section 1,897, Re-
vised Statutes 1879,) " and he was a competent juror, and
the court committed no error in refusing to strike his name ·
from the list. When E. B. Davis, another of the panel of
thirty-six was examined, he stated that he had formed and

expressed an opinion, that his opinion was formed on rumor, but he did not think it would be in his way of giving the accused a fair and impartial trial according to the law and evidence, regardless of the opinion he had formed; that he had the same opinion still, and that it would take evidence to remove it.   The defendant moved the court to strike his name from the panel, which the court overruled.   The name of the juror does not appear on the list of the panel of those who tried the case, nor does it appear that he was challenged, either for cause or peremptorily, nor anything from which it can be inferred that the defendant suffered any injury by his being retained on the list of thirty-six. His case does not come within the exception of the clause of the statute above quoted.   It does not appear affirmatively that his opinion was not such as to prejudice or bias his mind, and in that does not fulfill the requirement of the statute ; but, as he was not on the jury which tried the case, and the defendant was not otherwise injured by the action of the court in reference to him, there is in it no reason to reverse the judgment."

The juror's answer, but for that portion of it in which he stated that it would take evidence to remove his opinion, did not render him incompetent, and it was evidently with reference to the statement that it would take evidence to remove his opinion, that the court remarked : "His case does not come within the exception of the clause of the statute above quoted.   It does not appear affirmatively that his opinion was not such as to prejudice or bias his mind, and in that does not fulfill the requirements of the statute; but, as he was not on the jury which tried the case, and the defendant was not otherwise injured by the action of the court in reference to him, there is in it no reason to reverse the judgment."   In other words, he was an incompetent juror, but he was not challenged for cause or peremptorily, and was not of the twelve who composed the jury which tried the case, and therefore defendant was not prejudiced.

Section 1,897 of the Revised Statutes of 1879, which

has been substantially the same in all the revisions of the statutes since 1835, provides that: "It shall be a good cause of challenge to a juror that he has formed or delivered an opinion on the issue or any material fact to be tried; but, if it appear that such opinion has been founded only on rumor and newspaper reports, and not such as to prejudice or bias the mind of the juror, he may be sworn." The law allows the accused a given number of peremptory challenges—challenges for whim or caprice—and if the court retain incompetent jurors on the panel from which the twelve are to be selected, the accused may be compelled to exhaust his peremptory challenges on those whom the court should have excluded, and thus, in effect, be altogether deprived of such challenges, and the doctrine of the court in the *State v. Rose*, in that particular, is unsound, as this court has heretofore held.

By the statute of 1825, (section 12, page 880, Revised Statutes 1825,) it was provided that it should be "a good cause of challenge to a juror that he had formed or delivered an opinion in the cause or concerning the matter in controversy," and thus the law stood until the revision of 1835, when it was amended by adding, "but if it appear that such opinion is founded only on rumor, and not such as to bias or prejudice the mind of the juror, he may be sworn," and such has substantially ever since been the law in this State. The statute recognizes that one may be incompetent as a juror, who has formed an opinion upon rumor or newspaper reports alone. It shall be cause of challenge to a juror, as it was in 1825, that he has formed or delivered an opinion on the issue, &c., whether such an opinion be formed from the knowledge of facts, or from having heard them from witnesses, or upon rumor, but in the latter case, if it appear that the opinion is not such as to bias or prejudice the mind of the juror, he may be sworn. It must affirmatively appear that it is not such as to prejudice or bias. The first clause makes all who have formed opinions incompetent, and the second clause is an excep-

tion, and the facts which bring the juror within the exception must affirmatively appear. Appear to whom? To the juror? Certainly not, but to the court. It was so held in the *State v. Baldwin.* The court there said it was not the province of the juror to pass upon his competency, but for the court to determine the question upon the facts.

In that case the juror was held competent, but his answer was materially different from that of the jurors in this case. His opinion was entirely hypothetical. It did not indicate a belief that the facts were as heard, or show any impression upon the mind which it would require evidence to remove. But here the statement of the juror was that, although his opinion was formed upon rumor alone, the impression of the guilt or innocence of the accused was such as would remain until removed by evidence. Is there no difference between the state of that man's mind who answers that he has heard rumors, and, if the facts be as he has heard them, he has an opinion formed, and of the mind of him who says: I have heard the facts from rumors, and have formed an opinion, and it will require evidence to change the impression made upon my mind? When the juror answers that it will require evidence to change his impression or opinion, he cannot mean that on the state of facts upon which his opinion was formed it would require evidence to change this opinion, but evidently that it would require evidence to establish a different state of facts. To borrow an illustration from the opinion of Williams, J., in the *State v. Potter,* 18 Conn. 171: "A house is broken open in the night season and plundered; the thief for a time is unknown; when taken and brought to trial, it could render a juror, a biased juror, that he had said and believed that a burglary had been committed in that house, if the facts were true," and we may add, no evidence on earth would change his opinion, that on those facts a burglary had been committed. If he had not only said that, but in addition, that he had heard that the accused was seen coming out of the house that night

with property taken from the house, and if these facts were true, he believed him guilty of burglary, that would be a hypothetical opinion; but if he should also say that he believed those facts, and upon them had formed an opinion that he was guilty, or that it would require evidence to remove the impression of guilt which those facts had made upon his mind, could it be said that such a juror was unbiased?

The same learned judge also observed in that case: "And we are certainly not prepared to say that an opinion formed upon the case or an essential part of the case, such as it would require evidence to remove, would not disqualify a juror." If the juror does not believe the facts, and yet has formed an opinion as to the guilt or innocence of the accused which it will require evidence to remove, he has prejudice and is unfit for a juror, and his declaration that he has no prejudice, is contradicted by the circumstance that, without knowing or believing any facts, except the simple fact that a homicide was committed, he has formed an opinion which it will require evidence to change. If, on the contrary, he believes the facts he has heard, and upon these facts has formed an opinion that the accused is guilty which it will require evidence to remove, he is biased and incompetent to sit as a juror in the case.

Bias and prejudice are not synonymous terms. Webster defines these words as follows: "Prejudice—to prepossess with unexamined opinions, or opinions formed without due knowledge of the facts and circumstances attending the question; to bias the mind by hasty and incorrect notions, and give it an unreasonable bent to one side or other of a cause. Bias—a leaning of the mind; inclination; prepossession; propensity toward an object, not leaving the mind indifferent."

If the opinion formed by the juror be such as to bias or prejudice his mind, he should not be sworn. That is clearly the meaning of the statute. Suppose he answers that he has formed an opinion based upon rumor alone,

which it will require evidence to change, and does not state whether he is or is not prejudiced or biased, could the court hesitate to strike him from the panel? His statement that he is not biased or prejudiced is wholly immaterial under the decision in the *State v. Baldwin, supra.* It is for the court to declare, on the facts ascertained, whether he is biased or not.

In the *State v. Benton*, 2 Dev. & Bat. 196, is a very able discussion of the subject by Gaston, J., without reference to the statute prescribing a test, and the following remarks are so appropriate that I have thought proper to quote them: " We there see the opinion described as one formed and expressed, and without further explanation we must understand it to have been fully formed and gravely expressed. The subsequent explanation is not inconsistent with this understanding. It shows only that the jurymen challenged believed that this opinion, however fixed it might have been when declared, was not then so fixed as to prevent them from finding a verdict according to evidence. This belief did not remove the exception. From a decided opinion declared, the law infers a bias, and the belief of the person so biased that he can rise superior to its influence does not repel the legal inference. Nor ought it; for it does not unfrequently happen that those who are most confident in the ability of their understanding to triumph over this obstacle in the way of its free exercise, and of the ascertainment of truth, owe this confidence to their ignorance of the stubborness of prejudice, and may be the least qualified for the discharge of this, to all persons and at all times, perilous undertaking. The distinction which we make is substantially the same with that taken in the *Commonwealth v. Ostrander*, lately determined in the general court of Virginia, a case which has been referred to by the counsel on both sides. It was there held that he who has formed and expressed a decided opinion as to the guilt of the prisoner is an incompetent juror, but he who has formed a hypothetical opinion only, if he can decide upon the evi-

dence without being influenced by this impression, is an indifferent juror."

On the trial of Aaron Burr for treason, Marshall, C. J., observed : " Can it be said, however, that any man is an impartial juryman who has declared the prisoner to be guilty and to have deserved punishment? If it be said that he has made up his opinion, but has not heard the testimony, such an excuse only makes the case worse, for, if the man has decided upon insufficient testimony, it manifests a bias that completely disqualifies him from the functions of a juryman." In the *People v. Mather*, 4 Wend. 241, Marcy, J., delivering the opinion of the court, said : " We are asked in this case to distinguish between an opinion formed by being an eye witness of a transaction or by hearing the testimony of those who were such witnesses, and an opinion founded on rumors, reports and newspaper publications, and to say the former shall be evidence of partiality and the latter not. If any distinction is to be recognized, I should be inclined to adopt the reverse of that contended for at bar.    *    *    Of those who entertain an opinion of the guilt of the accused before his trial, they that believe on the slightest evidence, or no evidence at all, manifest, in my judgment, a state of mind less prepared to receive and allow a fair defense, than those who believe on proof which furnishes *prima facie* evidence of guilt."

A positive opinion of guilt or innocence, until 1835, in this State by statute, and in many of the States in the absence of any statute, rendered a juror incompetent who had formed or expressed an opinion, whether that opinion was based on rumor or not, and so it does now in Missouri, as we have seen, unless it appear to the court that the opinion based upon rumor is not such as to bias or prejudice the juror's mind. With a jury of twelve men, who have formed an opinion that the accused is guilty, which it will require evidence to change, of what avail is it to him that it is a principle of law as old as our criminal jurispru-

dence, held sacred by American citizens, and over and over again declared by the courts, that the law presumes him innocent. It is a cruel mockery to announce such a principle and then call a jury to try him composed of men in such a state of mind toward him as requires that he should establish his innocence. " The prisoner must not have the burden of changing the juror's mind." Grier, J., *U. S. v. Hanway*, 2 Wall. Jr. 148.

If a juror, upon mere rumor, without believing any facts, has formed an opinion which will remain until changed by evidence, he is less fit for a juror than one who has an opinion based upon facts which he has learned and believes from rumor, although it would require evidence to remove the impression from his mind. The former is prejudiced, while the latter is biased; the latter biased by an opinion based upon facts believed; the former so prejudiced that he has formed an opinion without knowing or believing any facts. Infinitely safer would an innocent man be in the hands of the juror thus biased than of the juror so prejudiced. The prejudice which leads to the adoption of an opinion of guilt without evidence, would prompt to a verdict of guilty against evidence.

In Burr's trial, Marshall, C. J., remarked: " Why do personal prejudices constitute a just cause of challenge? Solely because the individual who is under their influence is presumed to have a bias on his mind which will prevent an impartial decision of the case according to the testimony. He may declare that notwithstanding these prejudices he is determined to listen to the evidence and be governed by it; but the law will not trust him. Is there less reason to suspect him who has prejudged the case, and has deliberately formed and delivered an opinion upon it? Such a person may believe that he will be regulated by testimony, but the law suspects him, and certainly not without reason. He will listen with more favor to that testimony which confirms than to that which would change his opinion; it is not to be expected that he will weigh

evidence or argument as fairly as a man whose judgment is not made up in the case. It is for this reason that a juror who has once rendered a verdict in a case, or who has been sworn on a jury which has been divided, cannot again be sworn in the same case. He is not suspected of personal prejudices, but he has formed and delivered an opinion and is, therefore, deemed unfit to be a juror in the cause.''

The case of *Rice v. The State*, 7 Ind. 336, relied upon by the State, is not an authority for the doctrine contended for by the attorney general, but is similar to the case of the *State v. Baldwin, supra.* The opinion of the juror was a hypothetical opinion, and such as is nowhere held to disqualify. *The People v. Stout*, 4 Parker Crim. Rep. 110, so far from sustaining the doctrine for which it is cited, is a direct authority to the contrary. It cites *Cancemi v. The People*, approves the ruling in that case, and distinguishes it from the *People v. Stout*.

In *Cancemi v. The People*, 16 N. Y. 501, a juror stated that he had formed an opinion and expressed it, but on cross-examination, that he had no fixed opinion, none which could not be removed by evidence. Of his statement on cross-examination, Strong, J., observed: "It may, on the other hand, be interpreted to import merely that the opinion which he had formed and expressed was not so fixed that it might not be controlled by evidence; regarding the latter branch of the expression as explaining and defining what the juror intended by saying he had no fixed opinion. In this view the ordinary force of his testimony that he had formed and expressed an opinion in the case would not be impaired. This testimony should be construed with liberality to the defendant, in the humane spirit which prevails over criminal laws and the rules of their administration. The right secured by law to a fair and impartial jury with minds open to receive and weigh the evidence and balanced in regard to the matters to be tried, is of the higest importance, and should be carefully guarded by the courts, especially in cases involving

human life. In our opinion the latter interpretation above stated should prevail, and upon that construction the juror was clearly disqualified. His mind was preoccupied with an opinion upon the issues to be tried, which it would require evidence to remove; and that, upon principle and by all the cases, incapacitated him for a juror." See also *People v. Mallon*, 3 Lansing 232; *O'Brien v. People*, 48 Barb. 278; *Gray v. People*, 26 Ill. 346; *State v. Brown*, 15 Kas. 400; *Alfred, a slave, v. The State*, 37 Miss. 315. The constitutional provision in Mississippi was, as in this State, " that the accused in all prosecutions by indictment or information has a right to a speedy and public trial by an impartial jury." In the above case, (*Alfred v. State*,) the juror said on his *voir dire* that he had heard rumors which had made such an impression or fixed opinion that it would require testimony of a character different from the rumors he had heard to remove such impression. The court of appeals, (Harris, J.,) observed: "It is well settled that an opinion formed from rumor so fixed as to require testimony to remove it, constitutes such bias as to render the juror not impartial, and consequently, under our constitution, to disqualify him for service," citing 9 S. & M. 118; 10 S. & M. 30; 13 S. & M. 189; 13 S. & M. 500; 31 Miss. 509; 32 Miss. 398; 33 Miss. 383.

In the *People v. Gehr*, 8 Cal. 359, the juror admitted that at the time of his examination he believed the prisoner guilty, and that it would require proof to change his opinion. Terry, J., delivering the opinion of the court, said: " The principle of law, founded on humanity and justice, presumes the accused to be innocent, and he is not put upon his defense until his guilt is *prima facie* established by the evidence; in the mind of the juror this principle was reversed, and the accused was already held to be guilty, even before a single witness had testified against him. The fact that the juror further said that he could try the cause impartially was entitled to no consideration." *Curry v. The State*, 4 Neb. 545.

The recent New York decisions, which apparently conflict with the cases above cited, were rendered under a statute passed in 1872. See *Thomas v. The People*, 67 N. Y. 221.

There is no force in the argument, if it can be called an argument, that it is difficult to procure jurors who have not formed opinions when telegraphs and railroads furnish information of events to thousands in a day or an hour after they transpire, which, before their introduction, was obtained by but few, and a long time after their occurrence. I do not believe it true, in fact, that there are greater difficulties now, than before those agencies were introduced, in procuring men who, although they have formed hypothetical opinions upon rumored facts, are qualified to sit on a jury and impartially render a verdict according to the law and the evidence. Men who are fit for jurors in a criminal cause will not, upon mere rumor, form an opinion of guilt which it will require evidence to change. But, if the difficulties were as great as supposed, I am not prepared to say that section 22, article 2 of the constitution of this State is practically incompatible with the existence of telegraphs and railroads, and therefore of no force or validity, nor do I believe that electricity and steam engines have eliminated from our criminal jurisprudence the legal presumption that persons accused of crime are innocent until proven guilty. The frequency of crime may sometimes incline one to the belief that the humane principles of our law, so often invoked by accused persons, are obstructions to the punishment of the guilty which might be removed; but, when we reflect dispassionately on the subject, we are forced to the conclusion that there is wisdom, as well as humanity, in the maxim that it is better that "ninety and nine guilty men escape than that one innocent man should suffer."

The doctrine contended for by the State would nullify the constitutional provisions securing to the accused "a speedy public trial by an impartial jury," and virtually strike from the criminal law those humane principles

which, although they may often screen the guilty, have as often saved the innocent from punishment and infamy. No other method could be devised which would so soon bring the trial by jury into utter contempt as that of composing juries of men who have such decided opinions of the guilt or innocence of the accused that it will require evidence to remove the impression from their minds. I think that the judgment should be reversed and the cause remanded, and for the same reasons favored a rehearing in the *State v. Core.* HOUGH, J., concurs.