[S. F. No. 3596.   Department Two.—June 12, 1906.]

# W. L. G. FITTS, Appellant, v. SOUTHERN PACIFIC COMPANY, Respondent.

COLLISION WITH RAILROAD TRAIN—JURY TRIAL—ACTUAL BIAS OF JUROR—EVIDENCE TO REMOVE PREJUDICE—ERROR.—In an action to recover damages for injuries sustained by collision of plaintiff's wagon with a railroad train at a street crossing, a challenge to a juror for actual bias, who stated that he had an abiding prejudice against that class of cases, and that the evidence in the particular case must be sufficient to overcome such prejudice, was erroneously overruled.

ID.—CONSTITUTIONAL RIGHT UPON JURY TRIAL—The constitutional right to the trial of a case before an unbiased and unprejudiced jury is not afforded to a party when, over his protest, a juror is retained who confessedly enters upon the trial thereof with such prejudice against actions of that kind that the evidence must not merely preponderate, but must be strong and positive enough to overcome his antecedent prejudice.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

William J. Herrin, for Appellant.

P. F. Dunne, for Respondent.

LORIGAN, J.—Plaintiff was injured in a collision with one of the trains of defendant while driving across the railroad tracks on Treat Avenue, in the city of San Francisco, and brought this action to recover damages.   The verdict was for defendant, and from an order denying his motion for a new trial plaintiff appeals.

Several grounds are urged for a reversal, only one of which is of sufficient importance to merit particular consideration. It is insisted that the court erred in disallowing the challenge of plaintiff to a juror,—C. G. Young,—interposed on the ground (Code Civ. Proc., sec. 602, subd. 7) that his examination disclosed the existence of a state of mind evidencing bias against the plaintiff.   The testimony of the juror given

upon his *voir dire* showed that while then employed as a hardware manufacturing agent, he had in former years been a purchasing agent for a railroad company in Arizona,—The Arizona and South West Railroad Company,—and as such had then some dealings with defendant; that he had probably read of the facts of the case in the papers, but had no present recollection of them; that he was acquainted with some of the officials of the defendant corporation—just a casual acquaintance. His examination from this point then proceeded: "Q. Would your acquaintance have any influence with you as a juror in this case?—A. I think not, if the proof was strong enough.—Q. When you say, 'If the proof was strong enough,' what do you mean by that?—A. I mean that there are a good many of these accidents probably caused by the negligence of the parties injured.—Q. Would you go into the jury-box with a bias in favor of the defendant in a case of this kind?—A. Without any testimony, yes sir.—Q. And it would take testimony to remove that feeling?—A. I would not render a verdict without strong and positive testimony.—Q. Would you not go into the jury-box here with that feeling in favor of the defendant?—A. Without proof, yes sir.—Q. And you have that feeling now?—A. I have had it for many years." Here counsel for the plaintiff interposed his challenge. On examination by the attorney for the defendant the juror continued: "Q. If there was no evidence introduced in this case at all, you would give a verdict for defendant?—A. Yes sir.—Q. The plaintiff has to prove his case?—A. Yes sir.—Q. You say you have some views upon the question of damage suits? You think that in a good many cases the damage is due to the negligence of the party himself?—A. I have no doubt of it.—Q. That is a general impression or deduction which you have from your experience?—A. Yes sir."

The attorney for the plaintiff here renewed his challenge on account of a feeling of bias and prejudice on the part of the juror, whereupon the court inquired: "Does he say he has a bias?"

"*Attorney for Plaintiff.*—A bias in favor of the defendant.

"*The Juror.*—No sir. I believe a great many cases of that kind are through the negligence of the parties injured.

"Q. Are you in that frame of mind that you would be

willing to change places here with the plaintiff and be willing to accept him upon a jury in a case in which you yourself were the plaintiff, provided he was in the same frame of mind as yourself?—A. I don't know whether I want to answer that question or not.—Q. That is what I want to know. We are entitled to have a fair and impartial jury, and if you should in any way feel that you could not sit upon this case impartially, we want to know it. You are in that frame. of mind that the plaintiff would have to make out an exceedingly strong case?—A. Yes sir, the proof would have to be ample.—Q. Would you be willing, if he was in the same frame of mind you are, to have him try your case?—A. Possibly not. —Q. Why not?—A. From my remarks you can judge, probably.—Q. Have you ever expressed yourself as prejudiced against this class of cases?—A. Yes sir, I think I have. As I remarked to you before, that is all the prejudice I have. Railroad accidents,—I believe, a great many of them are through their own carelessness.—Q. You say you cannot answer that question as to whether you would be willing to change places with the plaintiff and have him try a case of yours, provided he was in the same frame of mind that you are?—A. In answer to that I will say that I would be perfectly honest in the case; and if the proof was ample, he would get my vote for a verdict. But I should require good proof.—Q. What do you mean by good proof?—A. Proof that satisfied me that he ought to have a verdict.— Q. You say that you have expressed a bias or prejudice against this class of cases?—A. I have spoken about them a great many times.—Q. And you entertain that opinion still? —A. I do.''

We have produced the entire examination of the juror, because it is not very lengthy, and upon a fair consideration of it we are of the opinion that the challenge interposed should have been allowed. While the law does not guarantee to a litigant on the trial of the cause any particular kind of juror, it does guarantee to him a jury composed of persons who are wholly impartial as far as the particular merits of the suit they are required to try is concerned, and the juror Young was clearly not of the class so guaranteed. It is true that a general abstract bias which a juror may entertain to a class of litigation will not of itself disqualify him from try-

ing a cause, when it appears that, notwithstanding he enter-
tains that feeling, he can set it aside, and can and will fairly
and impartially decide the particular case solely upon the
evidence and the instructions of the court. (*Baker* v. *Borello,*
136 Cal. 166, [68 Pac. 591] ; *Graybill* v. *De Young,* 146 Cal.
422, [80 Pac. 618].) This, however, is not the situation dis-
closed here. The prejudice the juror held against the class
of actions in which that of the defendant fell was a fixed and
abiding one; he entertained it as the result of personal obser-
vation and experience; had so entertained it for years, fre-
quently expressed it, and still adhered to it. While the juror
did not in express terms declare that, by reason of his general
feeling of prejudice, his judgment in the particular case would
be colored, still we think it is apparent from the consideration
of his entire examination, that in weighing the evidence
adduced on behalf of the plaintiff, his judgment would be
prejudicially affected against him by reason of his bias
against the class of actions to which his belonged. In effect
this is what his testimony shows would be his mental attitude
towards plaintiff's cause. He declared that he would go into
the jury-box with a feeling of prejudice in favor of the
defendant; that in the case at bar that prejudice would oper-
ate in favor of defendant, and it would take strong and posi-
tive testimony to remove it.

In the face of these declarations, it would seem to be idle
to claim that the juror was a fair and impartial one. No
juror can be said to be so who enters upon the trial of a
cause prejudiced against a class of actions to the extent that
a litigant is required in a particular case falling within the
class to overcome his prejudice by strong and positive evi-
dence or any other kind of evidence.

The constitutional right to a trial of a case before an
unbiased and unprejudiced jury is not afforded a party when,
over his protest, a juror is retained whose prejudice requires
such litigant to support his cause, not simply by a prepon-
derance of evidence, but by evidence which must preponderate
to an extent so as to overcome the antecedent prejudice with
which the juror enters upon the trial of the cause.

Aside from this, when asked if he would be willing to have
a case in which he was plaintiff tried by a juror in the same
frame of mind as himself, he was uncertain as to whether

he wanted to answer the question or not, that "possibly not," and when asked why, told counsel for plaintiff that he could probably judge from his remarks why not. Of course, the only judgment which could be satisfactorily arrived at from his remarks was that he would not want his case tried by a juror entertaining the same prejudice with which he previously declared he would go into the jury-box to try the cause of plaintiff.

As we have said, it has been held that a juror is not disqualified by reason of general bias entertained against a class of actions, when it appears from his testimony that he can lay aside that prejudice, and, uninfluenced by it, try the cause at issue solely upon the evidence and the instructions of the court as to the law. In the case at bar Mr. Young stated on his examination that he would be perfectly honest in the case, and if the proof were ample would vote for a verdict, and it is insisted this was the equivalent of stating that he would try the cause fairly upon the evidence and under the law as declared by the court.

Whether this was the meaning he intended to convey is simply matter of conjecture. He nowhere definitely declared any such intention. That the juror was honest and candid in all his answers is beyond question, and that he honestly entertained a prejudice to the extent, and in the manner, that he declared it would influence him in considering the case of plaintiff, is also beyond the question. No doubt such a juror would, to the best of his ability, try the cause upon the evidence and instructions of the court,—in fact, there would be nothing else upon which he could try it,—but he would still try it under the influence of the prejudice he honestly entertained, and which he nowhere announced either his ability or intention to divest himself of. It is to be observed, too, that in stating that he would be perfectly honest in the case, he at the same time declared that he meant thereby that if the proof was ample he would vote for a verdict. Several times during his examination he referred to the degree of proof which he would require before he would return a verdict for plaintiff. He would require "strong and positive testimony," "ample proof," "good proof." These answers as to the amount of proof he would require, considered in connection with the questions to which they were

responsive, and, in view of the prejudice he entertained, clearly showed that he would require in the class of actions to which plaintiff's belonged stronger proof than he would consider necessary were the action of another character. While generally no exception could be taken to the answer of the juror that he would require ample proof, yet what this particular juror meant by ample proof is apparent from his answer to the interrogatory: "You are in that frame of mind that the plaintiff would have to make an exceedingly strong case?—A. Yes sir, the proof would have to be ample." While his answer to this particular question of itself clearly indicated what the juror considered would be the ample proof under which he would return a verdict,—that it would have to be proof making out an exceedingly strong case,—it is, as we say, quite apparent from all the rest of his examination on this subject, that he would, on account of his prejudice, require stronger proof in the case he was about to try than if it were an action of another kind. This requirement on his part of stronger proof was of course perfectly consonant with his declared prejudice against such actions, but the law recognizes no such requirement, and a juror who demands it cannot be classed as a fair and impartial juror. Aside from the fact that a plaintiff may recover upon a *prima facie* case made, yet, taking for the purpose of illustration the ordinary action for damages where the evidence is conflicting, it goes without saying that if jurors could be deemed fair and impartial who entertain the prejudice and thereby require the degree of proof that the juror Young required, verdicts for plaintiff would be extremely rare.

The mental attitude of this juror, we think, was so apparently affected by bias against actions brought to recover from railroad companies for personal injuries as to influence his judgment prejudicially in the consideration of the cause of plaintiff, and for that reason the challenge to him should have been allowed, and it was error not to have granted it.

The other grounds urged for reversal, consisting of alleged erroneous rulings of the court as to the admissibility of evidence, are without force.

Complaint is made as to two of the instructions given. They announce correct principles of law, but in view of a new trial we are inclined to think that the use of the

expression "In a case like this," found in one of them, is open to the criticism that the jury might imply from its use that reference was being made to the case at bar, rather than to the class of damage cases to which that of plaintiff belongs, as that term was doubtless intended to be used. This objection can, however, readily be obviated should the same instruction be again asked.

For the reasons indicated relative to the error of the court in disallowing the challenge to the juror Young, the order denying the motion of plaintiff for a new trial is reversed, and the cause remanded that a new trial may be had.

Henshaw, J., and Beatty, C. J., concurred.

Hearing in Bank denied.