SHANE, Respondent, *v.* BUTTE ELECTRIC RY. CO., Ap-
PELLANT.

(No. 2,567.)

(Submitted October 13, 1908.   Decided November 13, 1908.)

[97 Pac. 958.]

*Personal Injuries—Carriers—Jury—Bias—Challenge for Cause
—Peremptory Challenges—Proximate Cause—Instructions.*

Jury—Bias—Challenge for Cause—Overruling—Denial of Fair and Impar-
tial Trial.
1.   In an action against a street railway company for damages on
account of personal injuries alleged to have been sustained by plain-
tiff, defendant company interposed a challenge for cause to a juror
who on his *voir dire* had stated that he had formed an unqualified
opinion as to the merits of the action, and that he entertained a
prejudice against railway companies generally.   The challenge was
overruled.   Defendant exhausted all its peremptory challenges, but
the objectionable juror became a member of the jury which tried
the case.   Plaintiff had judgment.   *Held,* that the court committed
error, and that, by overruling the challenge, the defendant company
was not accorded that fair and impartial trial contemplated by the
Constitution and statutes of the state.
Same—Bias—Common-law Rule not Modified by Civil Practice Act.
2.   The fact that the juror, referred to in the foregoing paragraph,
stated that his opinion as to the merits of the action was based upon
newspaper reports or common rumor, and that he could fairly try the
case according to the evidence, under the instructions of the court,
did not make him competent, the rule of the common law which ex-
cludes jurors on the ground of actual bias not having been modified by
the Civil Practice Act.
Same—Peremptory Challenges—Exercise not Open to Review.
3.   A litigant may exercise his peremptory challenges as he sees fit,
and the manner of his exercise of them is not open to review; hence
the claim that defendant, above, might have removed the biased juror
by peremptory challenge has no merit, in view of the fact that it ex-
ercised all of its challenges.
Personal Injuries—Carriers—Proximate Cause—Instructions.
4.   In an action involving a claim for damages on account of per-
sonal injuries alleged to have been sustained by reason of a collision
between a street-car and a freight train, an instruction defining
"proximate cause" should have been given.

*Appeal from District Court, Silver Bow County; Jeremiah J.
Lynch, Judge.*

Personal injury action by Guy Shane against the Butte
Electric Railway Company.   From a judgment for plaintiff,

and an order denying it a new trial, defendant appeals. Reversed and remanded.

*Mr. W. M. Bickford,* and *Mr. George F. Shelton,* for Appellant.

*Mr. John J. McHatton,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1905 the Butte Electric Railway Company owned and operated a line of street-cars propelled by electricity between Columbia Gardens and Butte City. This street-car line crossed the line of the Butte, Anaconda and Pacific Railway Company at Iron street and Utah avenue, in Butte. On the night of August 20, 1905, a collision occurred at this place of intersection between a street-car owned and operated by the street railway company and a freight train operated by the Butte, Anaconda and Pacific Railway Company. The electric car carried a large number of passengers, some of whom were killed and many injured. The plaintiff, Guy Shane, brought this action to recover damages for injuries alleged to have been sustained by him in this collision. He made the street railway company and one Alfred Jackson, who was the motorman in charge of the street-car at the time of the accident, defendants. There was not any service of process upon Jackson. The street railway company answered, and, issue being joined, the cause was tried to the court sitting with a jury. A verdict was returned in favor of the plaintiff for $8,000. The street railway company moved for a new trial, and upon a hearing of the motion the trial court ordered the plaintiff to remit $3,500 of the verdict or submit to a new trial. Within the time allowed the plaintiff filed his consent in writing to a reduction of the verdict, and a new trial was denied and a judgment rendered and entered in favor of the plaintiff for $4,500, from which judgment and an

order denying it a new trial, the defendant street railway company appeals.

In selecting the jury one John Hyland was called, and, being examined on his *voir dire,* it developed that he had formed an unqualified opinion as to the merits of the controversy, and that he entertained a prejudice against railway companies generally. He was challenged for cause, but the challenge was overruled, and this ruling is assigned as error. The defendant street railway company exhausted its peremptory challenges, but Hyland was a member of the trial jury which tried the case.

Section 6741, Revised Codes, specifies the grounds for challenges for cause, and among others enumerates: "(6) Having an unqualified opinion or belief as to the merits of the action. (7) The existence of a state of mind in the juror evincing enmity against or bias in favor of either party." The Constitution of this state (Article III, section 23), among other things, provides: "The right of trial by jury shall be secured to all, and remain inviolate." Speaking of this guaranty, the supreme court of California, in *Lombardi* v. *California Street Cable Co.,* 124 Cal. 311, 57 Pac. 66, said: "The right to unbiased and unprejudiced jurors is an inseparable and inalienable part of the right to a trial by jury guaranteed by the Constitution. Upon this proposition all the authorities agree. As was said by Sir Edward Coke (1 Coke, 157b) in discussing the right of trial by jury, under the head of '*Propter Affectum,*' 'for all of which the rule of law is that he must stand indifferent as he stands unsworn.' " And the same language is quoted with approval in *Quill* v. *Southern Pac. Co.,* 140 Cal. 272, 73 Pac. 993. Can it be said that a juror is fair and impartial who has formed an opinion which takes evidence to remove, and who entertains a prejudice against a class of which the defendant is one? We think not. Furthermore, the statute above has prescribed the qualifications of jurors, in order to insure to litigants as nearly exact justice as our form of government will permit; and it is

not within the province of this court to modify or amend the statute.

But it is suggested by counsel for respondent that it appears that the juror's opinion was based upon newspaper reports or common rumor, and that the juror stated that notwithstanding his opinion he could fairly try the case according to the evidence under the instructions of the court. If this were a criminal case, that suggestion would be pertinent. In our civil practice we have not changed the rule of the common law, which excludes jurors upon the ground of actual bias; but for some reason which appeared to the legislature to be sufficient we have modified that rule in our criminal practice, and to the provisions of our civil practice above quoted there is added in the Criminal Practice Act the following: "But no person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury, founded upon public rumor, statements in public journals or common notoriety, provided it appear to the court, upon his declaration, under oath or otherwise, that he can and will, notwithstanding such opinion, act impartially and fairly upon the matter to be submitted to him." (Section 9264, Revised Codes.) As was said by the supreme court of California in the *Lombardi Case* above: "But the statutes makes no exceptions. It does not add the qualification, 'But, if the juror will swear that he can impartially try the case notwithstanding his bias toward his friend, or his prejudice against his enemy, the challenge shall be disallowed.' It is apparent that such an addition to the statute would make a material change; but can the court, by any line of examination it may see proper to permit, thus change it?" We agree with this, that a material change has been made in the Criminal Practice Act; but the very fact that this added provision is found in the Criminal Practice Act, and not in the Civil Practice Act, can lead to but one conclusion, viz., that the legislature for some sufficient reason intended that the more stringent rule of the common law should prevail in civil cases.

In speaking of the provisions of the early California Criminal Code, with respect to this same subject, which were very similar to our Civil Practice Act quoted above, the supreme court of California, in *People* v. *Gehr,* 8 Cal. 359, said: "The fact that the juror further said that he could try the cause impartially was entitled to no consideration. Few men will admit that they have not sufficient regard for truth and justice to act impartially in any matter, however much they may feel in regard to it, and every day's experience teaches us that no reliance is to be placed in such declarations. Nor is the fact that the opinion of the juror was formed merely from rumor any argument in favor of his competency. The statute excludes all who have formed or expressed an unqualified opinion upon the question of guilt, whether the opinion is formed from rumor or from the evidence or from personal knowledge."

It is also suggested by counsel for respondent that the defendant might have removed Hyland by a peremptory challenge; but, for all that appears, each of the four jurors excused on peremptory challenge may have been more objectionable than Hyland. In any event, the action of a litigant in exercising his peremptory challenges is not open to review. He may use those challenges as he sees fit. In our opinion this defendant company was not given that fair and impartial trial which the Constitution and laws of this state contemplate. (*Fitts* v. *Southern Pac. Co.,* 149 Cal. 310, 117 Am. St. Rep. 130, 86 Pac. 710; *Ruff* v. *Rader,* 2 Mont. 211.)

The defendant asked the trial court to give its offered instruction No. 30, which defined proximate cause. We think this instruction or a similar one should have been given. (*First Nat. Bank* v. *Carroll,* 35 Mont. 302, 88 Pac. 1012.) In passing, we may suggest that in our opinion, upon the showing made in this case, the verdict and judgment as they stand after the reduction of $3,500 from the original amount as fixed by the jury in the verdict are still excessive.

We do not find any other error in the record; but, for the reasons given, the judgment and order are reversed and a new trial is ordered.

*Reversed and remanded.*

MR. JUSTICE SMITH concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.

Rehearing denied December 12, 1908.