[Civ. No. 21137. Second Dist., Div. Two. Dec. 29, 1955.]

NORMAN LEIBMAN, Appellant, v. CYRIL WARREN CURTIS, Respondent.

Irving H. Green for Appellant.

Early, Maslach, Foran & Williams, John J. Hannegan and Harry Boyd for Respondent.

THE COURT.—Having been denied damages in his action for personal injuries, plaintiff appeals. He demands a reversal on the grounds that (1) the verdict was contrary to the evidence; (2) erroneous instructions were prejudicial; (3) erroneous rulings prevented his having a fair trial; (4) he was prejudiced by the court's disputing his testimony from the bench; (5) the court unfairly accused him of attempting to communicate to one witness the testimony of another.

While it would be interesting to explore all the questions raised by appellant and to consider all the views of respondent with reference to them we have concluded that the judgment should be reversed because of the court's denial of appellant's challenge of a venireman when examined with respect to his qualifications to serve on the jury.

During the course of selecting a jury Mr. William Blount was called into the jury box. He works for the Shell Oil

Company, administering workmen's compensation insurance; he passes on such claims made by the employees of Shell and determines whether any compensation should be paid and if so, how much. He had done the same work for three and one-half years; had studied law for two years; was acquainted with many doctors in and about Los Angeles; had acquired a certain amount of knowledge of X-ray diagnosis and of general medical terminology; was familiar with back injuries, both those of short and of long duration. All of such experience would be used by him in judging the case. "I am sure I couldn't help but have some preconceived ideas so far as back disability is concerned. Q. And it would be regardless of what the medical testimony in this case was, you would screen that by your own acquaintance with back conditions? A. Yes. . . . Q. Under those circumstances, do you believe that you could be a fair and impartial juror in this case involving injury? A. I am sure I couldn't be. . . . Q. This is a fixed idea that you have that it would take some evidence on one side or the other to overcome before you could come to any opinion? A. Yes. In handling the workmen's compensation insurance, why, I have been administering for the company and at all times for the defendant, and particularly in back injuries, why, I am sure that I have formed opinions that would be used in my decision before the Court. Q. Before a plaintiff would have a fair trial in a case of that kind, he would have to introduce some evidence that would overcome those notions that you already have? A. That is true. Q. If you were a party to this action who wanted a fair jury in this particular kind of a case only, do you feel that you would be the kind of a person you would want to select? A. No; I wouldn't." Plaintiff challenged the juror for cause. He was examined briefly by the other side and the challenge was renewed. Thereupon the following colloquy occurred between court and juror: "THE COURT: Mr. Blount, you haven't told us what your preconceived idea is so that it means nothing to the Court. A. I would be glad to, although I am afraid the other jurors might—I would rather not go into it too far THE COURT: I don't know any other way to examine a juror concerning his qualifications except in open court in the presence of all the other jurors."

The attorneys then conferred with the judge at the bench at the request of counsel for plaintiff, who then protested any further explanation by the juror of his views on back injuries in the presence of the other prospective jurors. The court

concluded the matter as follows: ''There is a simple way to solve the problem on the basis of your objection to the Court's further inquiry into the matter on the challenge for cause; I will deny the challenge for cause and suggest that you use a peremptory which would solve the whole problem. That is the Court's ruling.'' Proceedings were then resumed in the presence of the jury. When the attorney for plaintiff inquired whether the challenge for cause was denied, the court replied in the affirmative, stated that the peremptory was with the plaintiff, whereupon plaintiff's attorney excused Mr. Blount.

The juror was disqualified and should have been discharged when challenged for cause. It would have been improper for him to expound his views of back injuries before the panel, which he readily anticipated. Plaintiff's challenge for cause was correct but instead of sustaining him the court erroneously required him to exercise a peremptory challenge. Because he had made his position clear, section 647 Code of Civil Procedure gave him an automatic exception.

That section, which enumerates matters to which exceptions are deemed to have been taken, was amended in 1953 by adding the following language: ''if the party, at the time when the order, ruling, action or decision is sought or made, or within a reasonable time thereafter, makes known his position thereon, by objection or otherwise, all other orders, rulings, actions or decisions are deemed to have been excepted to.'' 3 Witkin, California Procedure, page 2264, correctly defines the effect of the amendment as follows: ''By making any method of raising a point below the equivalent of a formal exception, it has abolished the requirement of exceptions. The appellant is protected if he *objects* at the time of the ruling, etc., or if he makes a timely attack thereafter by motion.''

Counsel having made his position clear, and having had an automatic exception reserved to him, was not required thereafter to repeat his objection to the court's ruling or to seek to have it reversed. 53 American Jurisprudence, section 146, page 131; 4 Corpus Juris Secundum, section 250, page 500. That was not necessary to preserve his rights. An attorney who submits to the authority of an erroneous, adverse ruling after making appropriate objections or motions, does not waive the error in the ruling by proceeding in accordance therewith and endeavoring to make the best of a bad situation for which he was not responsible. There is no element of

waiver or of estoppel in such conduct of counsel. (See *Story* v. *Green,* 164 Cal. 768, 772 [130 P. 870, Ann.Cas. 1914B 961]; *De Roulet* v. *Mitchel,* 70 Cal.App.2d 120, 125 [160 P.2d 574]; 3 Witkin Cal. Proc., p. 2258, § 92(c); and p. 2260, § 93(c); *Hoel* v. *City of Los Angeles,* 136 Cal.App.2d 295, 310 [288 P.2d 989].) In fact, the only thing that plaintiff's counsel could have done was to ask for a seventh peremptory challenge, which the court had no power to grant (Code Civ. Proc., § 601), or to seek a reversal of the original ruling, which he was not required to do. According to his affidavit on motion for new trial the attorney would have exercised still another peremptory challenge if one had been available; he "would not have accepted the jury as it was finally constituted."

 It has been held repeatedly that it is prejudicial error to deny a good challenge for cause and compel the challenger to use one of his peremptories upon a particular juror where that robs him of a challenge which he would have used upon another juror who remained in the box. In *People* v. *Wismer,* 58 Cal.App. 679 [209 P. 259], seven jurors were disqualified. Challenges for cause were denied. Defendant exercised his six peremptories but that left one of the seven on the jury throughout the trial. It was held that the denial of the challenge for cause was reversible error. The court said (p. 687): "The right of trial by jury is fundamental . . . where, as here, it unquestionably appears that error has been committed in the disallowance of a challenge of a juror for actual bias, and the record discloses nothing indicating that the error was legally cured . . . the case cannot be saved from the fate of a reversal by an appeal to the terms of said section [4½] of the constitution. This provision was not inserted in the organic law with the purpose of impairing the fundamental rights of the citizen or in any measure hampering the exercise or enjoyment thereof. Indeed, those rights cannot be destroyed or impaired so long as our present system of government exists. . . . [689] The conclusion is that the defendant was, as a matter of law, denied the fair and impartial trial to which he is entitled, and the judgment is, therefore, reversed and the cause remanded."

 A litigant suffers prejudice when, over his protest, the court impanels a juror whose state of mind requires the challenging party to introduce evidence in excess of a preponderance to such extent as will overcome antecedent prejudices of the juror. (*Fitts* v. *Southern Pac. Co.,* 149 Cal. 310, 313 [86 P. 710, 117 Am.St.Rep. 130].) Also, if the challenge for cause

was justified appellant suffered irreparable prejudice when all his peremptories had been exhausted and he desired to excuse another juror. (*Lombardi* v. *California St. Ry. Co.*, 124 Cal. 311, 314 [57 P. 66].) In that case appellant's challenge for cause was erroneously denied and he excused the juror by use of a peremptory challenge. He desired to excuse another but had no peremptory challenge left. On motion for new trial his attorney presented his own affidavit that he would have exercised other peremptories if they had not been exhausted. "If, therefore, the court erred in refusing defendant's challenge to the juror Schemanski, the judgment and order should be reversed."

In *Houghton* v. *Market-St. Ry. Co.*, 1 Cal.App. 576, 580 [82 P. 972], two challenges for cause had been improperly denied and all peremptories were exercised; the two jurors apparently did not serve. Plaintiff's wish to excuse other jurors was of no avail. The order granting a new trial was affirmed.

Of course the question, in all instances is, was the court's error prejudicial? In the Wismer and Fitts cases the challenged juror remained in the box; in the Lombardi and Houghton cases the challenged juror was excused. But prejudice resulted in each of those cases by the court's rejection of the challenge. ■ In either event, prejudice may be proved by the affidavit on motion for a new trial, as in the action at bar.

In view of the foregoing, it is ordered that the judgment herein be and it is hereby reversed.

A petition for a rehearing was denied January 19, 1956, and the following opinion was then rendered:

THE COURT.—Respondent's petition for rehearing relies upon the case of *Buckley* v. *Chadwick*, 45 Cal.2d 183 [288 P.2d 12, 289 P.2d 242], but that decision does not overrule or impair the effect of the cases discussed in the opinion herein. It was held in the Buckley case that an erroneous overruling of a peremptory challenge was not prejudicial under the facts of that case—facts which do not present an analogy to the situation at bar. It was not claimed in that case that the juror was subject to challenge for cause; the peremptory challenge was made with advance knowledge that it would not be allowed; counsel actually withdrew the challenge before the jury was completed and withdrew his

exception to the court's ruling (see pp. 201-202); the juror remained on the case; a unanimous verdict was rendered (the opinion was modified on November 4, 1955, to show that fact), and the court pointed out at page 203 that "the appellant 'has made no affirmative showing, and does not offer to show, that any of the . . . jurors who were actually sworn and served in the trial of the cause were biased, prejudiced, or in any way unfit to serve as trial jurors; nor does it appear that by reason of the manner in which the jury was selected the . . . [appellant] did not have a fair and impartial trial.' "

Respondent's petition for a hearing by the Supreme Court was denied February 21, 1956. McComb, J., did not participate therein. Spence, J., was of the opinion that the petition should be granted.