UNITED STATES

v.

**Airman First Class Timothy J. BARNES, FR 532–72–8263, United States Air Force.**

**ACM S25358.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 July 1981.

Decided 29 Jan. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Thomas L. Strand.

Before MILES, KASTL and RAICHLE, Appellate Military Judges.

## DECISION

KASTL, Judge:

Finding that the military judge abused his discretion by denying four challenges for cause, we reverse the accused's conviction.

Airman Barnes was tried at San Vito Air Station, Italy, by special court-martial, with members. He was charged with wrongful possession of 190 grams of hashish on or about 24 June 1981, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Convicted, he received a bad conduct discharge, confinement at hard labor for six months, forfeitures of $325.00 per month for six months, and reduction to airman basic. The convening authority approved the sentence as adjudged.

At trial, the defense challenged four court members for cause. They had sat earlier the same day in *United States v. Huskey* * (ACM S25357). Huskey pleaded guilty and was found guilty of four offenses involving approximately 19 grams of marijuana in the hashish form. His sentence was a bad conduct discharge, confinement at hard labor for six months, forfeiture of $250.00 per month for six months, and reduction to airman basic.

During closing argument in *Huskey*, the defense counsel remarked:

> Your knowledge of the ways of the world and the way things work should tell you, common sense should tell you, that, typically, the way one gets at the second level, third level, *whatever level above the normal user level of the drug distribution scheme, is through the little people. That's how you get people above them. That's how they got the individual and the seizure referred to here* [pointing to Defense Exhibit A] (emphasis added).

Defense Exhibit A, the sole matter offered in mitigation by Airman Huskey, stated that:

> Airman Timmy L. Huskey voluntarily provided information to the [Air Force Office of Special Investigations] on 23 June 1981, which resulted in the largest single drug seizure at San Vito Air Station, Italy, since December 1979.

The instant trial began approximately one and one-half hours after the sentence was announced in *United States v. Huskey*. The defense, strongly opposing the seating of four members who had sat in that earlier trial, commented that:

> [I]t doesn't take much imagination to put one and one [together] and come up with the answer of what was the largest drug seizure in San Vito since December of 1979, and on that basis, we feel that those members are going to be tainted by the receipt of that information from the other court.

The defense further argued that permitting the four members to sit would—given their knowledge—be "inviting the members to sentence by comparison, certainly."

The military judge initially intended to grant the challenges for cause and suggested that the Government contemplate adding other members to the panel. He then recessed the court. The next morning, the judge conducted a voir dire examination of the four members. He first inquired re-

---

* We judicially note the record of trial in *United States v. Huskey* (ACM S25357) and have con- sidered the facts therein in reaching our decision in the present case.

garding each member's recollection of the *Huskey* stipulation of fact on the "largest drug bust on this installation for some period of time;" representative of his questioning of each member is this sample:

MJ: The record will reflect the withdrawal of all court members with the exception of Captain Hicks. We are now in a session for individually voir diring that member.

Captain, you sat on the case of *United States versus Huskey*, did you not?

MBR (CPT HICKS): Yes, sir.

MJ: During the course of that trial there was a Stipulation of Fact introduced to the effect that he was responsible for giving to the OSI information which led to the largest drug bust on this installation for some period of time.

MBR (CPT HICKS): Yes, sir.

MJ: Do you understand that the largest drug "bust" on this installation in some time might be rather an insignificant drug bust as compared to others at other places?

MBR (CPT HICKS): Yes, sir.

MJ: If you were to know positively that that drug bust led to this court-martial that you are now sitting on, would that, in any way, influence you, either in your findings or in determining a sentence?

MBR (CPT HICKS): No, sir.

MJ: You would not—or would you, in any way, use the fact that it was the biggest in determining any amount or quantity or quality of a sentence?

MBR (CPT HICKS): No, sir.

MJ: You are absolutely certain of that?

MBR (CPT HICKS): Yes, sir.

After the defense renewed its objections to the four members, the military judge denied the challenges. The defense then peremptorily challenged one of the four.

Precedent has forged these guidelines on the subject of challenges for cause: (1) An accused is entitled to be tried before a panel free from any influence beyond the courtroom. *United States v. Dean*, 5 U.S.C.M.A. 44, 17 C.M.R. 44, 49 (1954); *United States v.*

*Harris*, 11 M.J. 589 (A.F.C.M.R.1981) pet. granted —— M.J. —— (C.M.A.1981); *United States v. Burke*, 47 C.M.R. 773 (A.F.C.M.R. 1973). (2) The burden of proof is upon the party asserting a challenge for cause; the proponent must raise the contention of bias from the realm of speculation to the realm of fact. *United States v. Dennis*, 339 U.S. 162, 168, 70 S.Ct. 519, 521, 94 L.Ed. 734 (1950). (3) The military judge should be liberal in passing on challenges; reversal is appropriate only if there is a clear abuse of discretion. *United States v. Boyd*, 7 M.J. 282 (C.M.A.1979); *United States v. Bann*, 50 C.M.R. 384, 387 (A.F.C.M.R.1975). (4) It is important that justice be dispensed in such a manner as to foster the image of fairness and integrity. *United States v. Cockerell*, 49 C.M.R. 567, 573 (A.C.M.R. 1974).

■ Applying these principles to the facts at hand, we reverse. Under the particular facts of this case, we are not convinced that this accused received a trial in which the voting members were free of outside influence. *United States v. Dean* and *United States v. Harris*, both *supra*. Here, three of the five sitting members had damaging information from outside the record. Specifically, they knew that the accused's possession was the "largest;" knew that he possessed approximately 10 times the amount of hashish of which Huskey had been convicted; knew of the defense tactic in *Huskey* contrasting the "little people" like Huskey with "people above them [pointing to Defense Exhibit A];" and knew that after Huskey's revelation on 23 June, this accused was charged with possession of hashish on or about 24 June. Despite their earnest efforts to do so, the members could hardly ignore completely this extraneous information.

■ Moreover, it is probable that the court members with "insider" knowledge may have viewed the accused as Huskey's supplier and a substantial dealer in drugs. This suggests that the accused may have been sentenced on matters not charged, such as distribution. The prospect is especially disturbing in light of the accused's

explanation—that he was taking the hashish back to the United States for personal use. Furthermore, if there was any possibility the members had forgotten the facts of the earlier case, the voir dire examination of the military judge riveted a possible nexus in the members' minds.

We are aware that the members stated during voir dire that they could ignore the *Huskey* stipulation. We have no reason to doubt their sincerity, but we ignore reality if we presume the *Huskey* stipulation—used in their presence just hours before—could not subconsciously influence their decision. *United States v. Burke, supra,* at 778. *See United States v. Walker,* 473 F.2d 136, 138 (D.C.Cir.1972); *United States v. Natalello,* 10 M.J. 594, 595 (A.F.C. M.R.1980). *See also Fitts v. Southern Pac. Co.,* 149 Cal. 310, 86 Pac. 710, 712 (1906).

Our reasoning is buttressed by the fact that, when personal liberty hinges on an outcome, the integrity of the system must be preserved: An appearance of evil must be avoided as much as the evil itself. *United States v. Deain* at 53 and *United States v. Burke* at 778, both *supra.* Accordingly, we believe this case presents precisely the type of situation envisioned by the Manual for Courts-Martial at paragraph 62*f*(13), which provides that a challenge for cause will lie in regard to any particular member as to:

> Any other facts indicating that he should not sit as a member . . . in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality.

The other matter raised by appellate defense counsel is resolved adversely to the accused.

The findings of guilty and the sentence are set aside. A rehearing is ordered.

MILES, Senior Judge, and RAICHLE, Judge, concur.