Argued January 9, affirmed March 19, petition for rehearing
denied June 11, 1958

# NOTEBOOM *v.* SAVIN

322 P. 2d 916
326 P. 2d 772

584

C. R. *Reiter* argued the cause for appellant. On the briefs were Stern, Reiter & Day, Portland, and C. Ray Johnson, Tillamook.

D. E. *Kaufman* argued the cause for respondent. On the brief were McMinimee & Kaufman, Tillamook.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER*, Justices.

LUSK, J.

This is an action for alienation of affections in which the plaintiff, Verdell Noteboom, recovered a judgment, and the defendant, Irving E. Savin, has appealed.

Error is predicated upon the admission in evidence of testimony given by the witness, Leona Wheatley, as to declarations of Betty Noteboom, the then wife of the plaintiff, whose affections the defendant is charged with having alienated. The defendant was not present at the time the purported statements were made. Mrs. Wheatley was employed as a baby sitter by Mr. and Mrs. Noteboom at various times between December 1951 and November 1952, and the conversa-

* Resigned March 1, 1958.

tions to which she testified were held in the Noteboom home in Tillamook while she was so employed. During a portion of this period Mrs. Noteboom worked in a bakery of which the defendant was manager and part owner. The evidence tends to show that the purported declarations were made during the period of alleged alienation.

We are of the opinion that most of the testimony complained of was properly admitted, and that a portion to which specific reference will be made is of doubtful competence, but that as to the latter the question is not before us because it was not properly raised in the court below.

The record is as follows: Leona Wheatley was on the stand as witness for the plaintiff. She was asked to state what Mrs. Noteboom told her in regard to Mr. Savin. Counsel for the defendant interposed:

"Your Honor, I am going to object, first, because I feel that this is a matter, unless he is going to qualify it to show what the type of subject matter is, otherwise this witness can just go on rambling here. I think it is strictly hearsay, and out of the presence of the defendant. If it's for the purpose of showing some emotional situation of course that will have to go in, but I would still like to have a part—"

Counsel for plaintiff said:

"* * * I will say to the Court that's the only purpose for which we want to elicit this information, to show a state of mind or a state of affection or a state of what effect the defendant's conduct had upon Betty Noteboom."

The witness was then asked to state what Mrs. Noteboom said to her which indicated her feelings toward the defendant. Counsel for the defendant again

objected, saying, "I'm sorry, Your Honor, but I must object to this type of question." The court then suggested that the matter be discussed in chambers, and the court and counsel retired to chambers for that purpose. Upon resumption of the trial in the courtroom the court stated that the objection was overruled, whereupon counsel for defendant said:

"In that case, Your Honor, I would like to have the record also show that I have a continuing, and will make at this time, a continuing objection to any testimony of this witness."

The court said "Yes." The witness then, in answer to further questions of the same tenor as that previously asked, testified to statements of Mrs. Noteboom which tended to show her feeling of admiration and affection for the defendant. This testimony was of the kind which we held to be "eminently proper" in *Saxton v. Barber,* 71 Or 230, 237-239, 139 P 334. Then the following occurred:

"Q Did she say anything in regard to gifts at all in response to how she felt about him, how he treated her and how it made her feel? State whether or not she ever had a TV set furnished for her?

"MR. JOHNSON: I think this is a leading type of question, Your Honor.

"MR. SAVIN: I would like to have that question stay.

"A Yes; yes, she did say that when they were staying in the hotel in Seattle that he had a TV set brought up to the hotel room.

"Q Did she express what her feelings were about that?

"A Yes, she thought she was—it was very nice to have some one—she thought she was big because she had a TV set sent up to her. I mean, it was

unusual, seemed like nobody else had been able to do that for her.

"MR. JOHNSON: At this time, Your Honor, I want to renew my objection to the testimony of this witness and move that the answer of the witness be stricken as not being responsive, first, to the question; and not having anything to do with the issues in this case."

The record then proceeds:

"THE COURT: The objection will be overruled. This matter comes within the general rule the Court discussed with counsel in Chambers. There was a portion of this answer that was in the nature of a conclusion but I don't know just exactly how to correct that situation.

"MR. JOHNSON: My objection goes to the whole answer, Your Honor.

"THE COURT: Before we proceed, the Court will sustain the objection to the witness' last question, that part of it where she gave a conclusion about her impression; there was definitely a part of that answer that was this witness' conclusion and the Court will sustain the objection to that part of the answer.

"MR. KAUFMAN: May I just say something? I think that that, too, as being a reaction, in other words, comes within this rule because, just like the face being flushed with surprise or from embarrassment, so this witness noticed what the reaction was on Betty Noteboom at the time that she was talking about this TV set being brought up to her. It evidences that state of mind and so forth that comes within this very rule.

"THE COURT: Well, the point is that the witness under the Court's ruling can state what was said but she couldn't properly be able to put her own interpretation on it, you see, that would be a conclusion."

In answer to further questions relative to the TV set, to which no objection was made, the witness testified:

"She was very happy; she was very proud to think that someone would have a TV set sent up to her room."

Again the record discloses:

"Q Will you please state for us whether or not Mrs. Noteboom has ever indicated to you her feelings or reactions in response to any advances made by Mr. Savin?

"A Yes, she has.

"MR. JOHNSON: I object to that as a presumptive question, advances by Mr. Savin, Your Honor. I think this is a very, very leading question, calls for a conclusion in her answer. I would like to have that question read by the Court Reporter so you can see the content of it. Any advances made by him is presumptive.

"THE COURT: I think the objection is well taken.

"Q Will you please state whether or not Mrs. Noteboom has on any occasion expressed any emotion or feeling or reaction to her being present with Mr. Savin at any time?

"A Well, if you mean in the office or where, any place?

"Q Well, you just tell us if she made some statement in regard to her feelings about anything; take the office first if you want to.

"A Well, she said that in the office Mr. Savin had kissed her and loved her. I don't know of anything else.

"Q What was her feeling about that?

"A Well, she was very proud, I mean, she liked it. She wasn't mad."

■ It is the general rule that, when an objection has once been acted upon and overruled, it need not be repeated to the same class of evidence since it may be assumed that the court will adhere to the ruling throughout the trial. 53 Am Jur 131, Trial § 146; *Truitt v. Truitt,* 290 Ky 632, 162 SW2d 31, 140 ALR 1127; *Liebman v. Curtis,* 138 Cal App2d 222, 291 P2d 542; *Cochran v. Cochran,* 196 NY 86, 91, 89 NE 470, 24 LRA (ns) 160. But the rule has application only when the adverse ruling is erroneous. *Liebman v. Curtis,* supra. In this case it was correct.

■■ The proper ground of objection to the testimony proposed to be elicited from the witness, Leona Wheatley—if it was objectionable at all—was that it was hearsay. That was the ground assigned by counsel for the defendant. But not every statement made by Mrs. Noteboom regarding her relations with the defendant to which the witness should testify would be necessarily incompetent even though it might be hearsay. If the declaration of the alienated spouse is "a natural and spontaneous verbal manifestation of an emotion" tending to prove the state of her affections, her motive and the effect produced upon her mind by the conduct of the defendant (*Pugsley v. Smyth,* 98 Or 448, 461, 194 P 686), it is admissible under an exception to the hearsay rule. See, also, *McKinnon v. Chenoweth,* 176 Or 74, 93, 155 P2d 944; *Mumper v. Webster,* 137 Or 554, 557, 3 P2d 753, 82 ALR 822; *Schneider v. Tapfer,* 92 Or 520, 527-529, 180 P 107. Hence, if a question put to the witness obviously called for testimony of a kind not admissible under the exception, it would be incumbent upon the attorney for the defendant, in order to preserve his record, to object to the question. If, on the other hand, the question was proper, but the witness, in answering it, testified to incompetent matters, as,

for example a statement of the alienated spouse which constituted a narration of past events, then the attorney for the defendant should have moved to strike the offending answer. *Wallace v. American Toll Bridge Co.*, 124 Or 179, 185, 264 P 351; *Moulton v. St. Johns Lumber Co.*, 61 Or 62, 67, 120 P 1057. Thus, it was held in *Truitt v. Truitt*, supra, that making an objection to evidence which is admissible because within an exception to a rule of exclusion does not obviate repeating the objection to similar evidence which is not within the exception to the rule.

The testimony that Mrs. Noteboom told the witness, Leona Wheatley, that the defendant had a TV set sent to the hotel room "when they [Mrs. Noteboom and the defendant] were staying in the hotel in Seattle," and that the defendant kissed Mrs. Noteboom, may be objectionable as a mere narrative of past events, though we do not decide the question as it is obviously not before us. When the question about the TV set was first asked the only objection made to it was that it was leading. We pass over as probably not controlling the interjected remark of the defendant himself, "I would like to have that question stay." The court did not rule on the objection. The answer was given and no motion to strike it out followed. When the next question was answered respecting Mrs. Noteboom's feelings about the incident there was still no objection, but counsel for the defendant moved to strike the answer on the grounds that it was not responsive and that it had nothing to do with the issues. Neither reason was valid, since the answer disclosed Mrs. Noteboom's feelings and evidence of her feelings was material. The important matter is the statement attributed to Mrs. Noteboom that she and the defendant stayed at the hotel in Seattle. That fact, if it was such,

had a material bearing on the question of the alleged alienation. The defendant admitted in his testimony that he and Mrs. Noteboom took a trip to Seattle together, that he registered at a hotel as "Mr. and Mrs. Irving Savin," and that she occupied a room there for which he paid, and that she told him that there was a TV set in the room and asked him if he wished to keep it there and pay for it. He denied that he stayed at the hotel. There was never at any time a motion made to strike out the testimony of Leona Wheatley that the defendant and Mrs. Noteboom stayed at the hotel in Seattle.

As to the other question, the court sustained an objection of the defendant on the ground that it was leading. The question was reframed, and the witness answered that "she [Mrs. Noteboom] said Mr. Savin kissed her and loved her" and that "she liked it," all without any objection or any motion to strike.

■ It is clear, therefore, that we are not authorized to pass upon the admissibility of this evidence. The continuing objection attempted to be taken to *any* testimony of the witness, Leona Wheatley, does not suffice to preserve the questions in the circumstances of the case and counsel for the defendant failed to use the means open to him for that purpose.

Other assignments of error are so clearly lacking in merit that they do not call for discussion.

The judgment is affirmed.

**ON APPELLANT'S PETITION FOR REHEARING**

ON APPELLANT'S PETITION FOR REHEARING

Stern, Reiter, Day & Anderson and Philip A. Levin, Portland, and C. Ray Johnson, Tillamook, for the petition.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER*, Justices.

LUSK, J.

The defendant's petition for rehearing urges the following points: (1) that this court erred in permitting plaintiff to amend his complaint during the trial so as to allege that defendant had sexual intercourse with plaintiff's wife. It is asserted that the amendment is not supported by any competent evidence; (2) that we erred in holding that the question of the incompetency of certain testimony of the witness Leona Wheatley was not properly preserved; and (3) that the court should exercise its power to notice

---

* Resigned March 1, 1958.

palpable error in order to avoid a gross miscarriage of justice "under the circumstances of this case," one of the circumstances pointed out being the amount of the verdict for punitive damages, to-wit, $25,000.

We will consider Point No. 1 last.

■■ As to Point No. 2, we have re-examined the question and are satisfied that the ruling was correct. The authorities upon which we relied are not questioned, and no opposing authority has been cited. The rule which we applied for determining the sufficiency of an objection to evidence in the circumstances of this case in order to preserve the question for review by this court is well established. A similar ruling will be found in *Hryciuk v. Robinson,* 213 Or 542, 326 P2d 424, decided June 4, 1958.

As to Point No. 3, it may be granted that the verdict for punitive damages is large. Whether it is excessive is not for us to say. In a jury trial the determination of such matters is committed by our Constitution exclusively to the jury, and jurors at times have rather strong opinions about the gravity of the offense of breaking up another man's home. That, according to the evidence, was the wrong done to the plaintiff by the defendant. We do not, of course, pass on the weight of the evidence. But, since the appeal made to us is, as stated in the petition, "in order to avoid a gross miscarriage of justice," it is not amiss for us to say that the defendant's own testimony supported the charge.

Apart from this, there is no palpable error. On the contrary, the question where to draw the line in determining what testimony is and what is not an exception to the hearsay rule when declarations of the alienated spouse are offered in evidence in this class of cases, is sometimes one of great difficulty.

*Kuhnhausen v. Stadelman,* 174 Or 290, 148 P2d 239, 149 P2d 168, cited by the defendant, is far afield. In that case the trial judge told the jury in his instructions that the law in a malicious prosecution action, as established by this court, requires the judge to charge the jury as to what facts in evidence do or do not constitute probable cause, but that he did not agree with the law as so determined and accordingly he would leave the question to the jury. This was the fundamental error in that case that we deemed to be so palpable, as well as egregious, as to require us to notice it notwithstanding the absence of an exception.

■ In presenting Point No. 1 counsel have assumed that we did not rule on the merits of the question but declined to consider it because it was not before us. This is not the case, though there is something to be said for the view suggested. The amendment was offered to conform to the proof, and the only objection to it disclosed by the record was on the ground of surprise. In ruling on that objection the trial judge commented that the defendant had already submitted a requested instruction based upon the assumption that adultery was an issue in the case. Thus, the defendant can scarcely claim, and does not now claim, to have been surprised. Nevertheless, in view of the basis on which allowance of the amendment was sought, we should not be disposed to ignore the error if, in fact, there were no evidence to support the amendment. We think that there is such evidence and most of it comes from the defendant himself. During the period of alienation, and while the plaintiff was required by his job to be away from home a large part of the time at night, the defendant clandestinely met Mrs. Noteboom and took her for rides in his automobile. There were some 50 of these trips, about 15 to Oceanside, a beach

resort near Tillamook. He took her to Portland two or three times, and on one of these occasions they went to the office of an attorney in Portland whom the defendant consulted about getting a divorce. He entertained her at dinner and took her to the theater or a movie. On one occasion she registered at the Multnomah Hotel as Mr. and Mrs. I. E. Savin and spent the night there. The defendant met her the next day at the hotel and drove her to Seattle, where he registered at the Edmond Meany Hotel under the names of Mr. and Mrs. I. E. Savin. He explained that the reason for thus registering was "so that it would not be embarrassing to her." They spent two days in Seattle, during which they were together most of the time. They had their meals together, went to movies and took sightseeing trips around the city. He paid all the expenses. He testified that he was never in the hotel room which Mrs. Noteboom occupied, but stayed the two nights at the home of his sister in Seattle. On their return to Portland he paid for a room for Mrs. Noteboom at the Multnomah Hotel, where she remained that night, while he returned to Tillamook.

There is ample evidence of an amorous relationship between the defendant and Mrs. Noteboom, and the opportunities for adultery, including the Seattle adventure, were numerous. The defendant's explanation for registering at a hotel as man and wife might well test the credulity of a jury. Both he and Mrs. Noteboom were married, but not to each other. The jury had the right to reject the defendant's denial that he was ever in the hotel room in Seattle. The court did not err in allowing the amendment. See, *Kerr v. Kerr*, 118 NYS 801, 134 App Div 141; *Baldridge v. Matthews*, 378 Pa 566, 106 A2d 809.

The petition for a rehearing is denied.