Argued May 11, affirmed August 14, petition for rehearing
denied September 18, 1962

## WEBBER *v.* YADEN ET AL
### 373 P. 2d 1007

*David R. Vandenberg, Jr.,* Klamath Falls, argued

the cause for appellant. With him on the brief was Thomas H. Tongue, Portland.

*Hugh B. Collins,* and *James A. Redden, Jr.,* Medford, argued the cause for respondents. On the brief were Collins & Redden, Medford.

Before McALLISTER, Chief Justice, and WARNER, PERRY and SLOAN, Justices.

PERRY, J.

The plaintiff brought this action against the defendants to recover for personal injuries. The claimed injuries resulted from a collision of the automobile operated by the plaintiff and a truck operated by the defendant Farley for and on behalf of the defendant Clifford Yaden. The jury returned a verdict for the defendants and the plaintiff appeals.

The plaintiff makes a single assignment of error. This assignment is based upon the failure of the court to sustain his objections to the following questions which occurred during the defendants' cross-examination of the witness, Phil Chlopek, police officer of the city of Klamath Falls:

"Q Did you estimate or obtain information upon which you based the estimated speed of the car that Mr. Webber was driving was 3 miles at the time of the collision?

"MR. VANDENBERG: We will object to the question, your Honor. It is leading in nature, it suggests the answer and there is no proper foundation been laid from which the Officer can tell an estimate of speed whatever.

"MR. REDDEN : This is cross examination, your Honor.

"THE COURT : I think he is entitled to ask him the question. I will overrule the objection.

"Q  Did you make an observation that the speed of Mr. Webber's car was 3 miles an hour at the time of the impact?

"A  On the report—

"MR. VANDENBERG: Your Honor, we will object to that. It can be answered yes or no, if he had an opinion.

"THE COURT: Yes, you can answer the question yes or no.

"A  Yes.

"Q  Your answer was yes?

"A  Yes.

"Q  What was your estimate as you recall?

"A  The estimated speed of the Webber car was 3 miles an hour as I recall.

"Q  That was at the time of the impact?

"A  Yes."

To understand this assignment of error it is necessary to state the facts that led up to the question asked. The witness Chlopek, on direct examination, testified that he arrived at the scene of the accident a few minutes after the accident occurred; that he had conversed with the plaintiff and the defendant Farley and that he had made a written report of the accident.

On cross-examination he was asked if he had, for the purpose of testifying, refreshed his recollection by referring to his written report, and he stated that he had. He was then asked to produce his report, which he did. It is clear from the record that the officer had noted in his report that Mr. Webber was driving about three miles per hour at the time of the collision.

■ It is the contention of the plaintiff that the police officer, not having been an eye witness to the

collision, could not over objection make an estimate of the speed of the vehicles involved, based solely upon his examination of the physical facts. This is a correct conclusion. *Bailey v. Rhodes, Adm.,* 202 Or 511, 276 P2d 713.

The plaintiff, however, has failed to comprehend the question asked.

It will be noted that the question to which the objection was made is twofold. First, it asks the officer if he estimated the speed, or obtained information upon which he based the estimate of speed. This question was never answered, and, of course could not constitute any prejudicial error. The defendant then asked the second question, "Did you make an observation that the speed of Mr. Webber's car was 3 miles an hour at the time of the impact?" The objection to this question is that he should answer this question yes or no, and he answered it "yes." No further objection was made to the officer's testimony as to the estimation of the speed of the plaintiff's automobile.

The plaintiff contends that subsequent objections to the further testimony of the plaintiff were not necessary since "When an objection has once been acted upon and overruled, it need not be repeated to the same class of evidence since it may be assumed that the [trial] court will adhere to the ruling throughout the trial, * * *." *Noteboom v. Savin,* 213 Or 583, 322 P2d 916, 326 P2d 772. This rule has application, however, only if the adverse ruling was erroneous as to the question asked. *Noteboom v. Savin,* supra. The question asked and answered was entirely proper. It was preliminary. It simply asked whether or not the officer did make an observation that the speed of plaintiff's car was three miles per

hour at the time of the impact. The basis of the officer's estimate was at this time unknown. It would then later have to be developed whether, as assumed by the plaintiff, this estimate was based solely upon the officer's observation or whether the estimate was based upon an admission against interest made by the plaintiff to the officer. If it appeared that the notation in the report was based solely upon the officer's conclusion from the physical facts, the plaintiff should then have moved to have this testimony stricken and the jury instructed to disregard the same.

There being no merit in this sole assignment of error, the judgment is affirmed.