THORNTON, J.
The defendant was convicted after jury trial of murder. ORS 163.115. The sole assignment of error on appeal is the admission of evidence of the commission by defendant of two prior crimes. The state argues that defendant did not properly object to the disputed evidence, and therefore failed to preserve it as a ground for appeal. We agree and affirm defendant’s conviction.
The key witness for the state was defendant’s girlfriend, Sandra Morris, who was present when the murder occurred. The defendant contended at trial that Morris was the killer, and that he had merely helped cover up the crime.
Prior to and during the trial the court ruled that evidence of two burglaries committed by defendant and Ms. Morris three months prior to the murder was inadmissible. However, during cross-examination of the defendant, testimony concerning the burglaries was elicited. Defendant’s counsel objected during the following exchange:
"Q What happened to her [Ms. Morris’] job?
"A She quit.
"Q Why did she do that?
"A The police in Vancouver were pressuring her about the fact that two robberies had taken place, both on nights that she had closed the store.
"Q I see. Do you know anything about that?
"A I know about the fact that they were questioning her.
"[DEFENDANTS COUNSEL]: Your Honor, I’m going to object. I think this beyond the scope of proper cross-examination. We’ve already talked about this problem.
"THE COURT: In response to an answer. Go ahead.
‡ ‡ ‡
"Q (BY [PLAINTIFF’S COUNSEL]) You want to finish that answer?
"A That answer is finished.
*[38] "Q The police were questioning her?
"A Yes, they were.
"Q Was she involved in something illegal at that job?
"A While she was working there? She was a clerk.
"Q You want to answer that question.
"A To the best of my knowledge, yes, she was involved in illegal activities.
"Q What was that?
"A She robbed the store twice.
"Q Did you have anything to do with that?
"A No, I did not.
"Q Nothing at all.
"A No.
# * * *
"Q So as far as you know the removal of the money was nothing that you had anything to do with?
"A No, I had nothing to do with it.”
In its rebuttal case the state recalled Ms. Morris and she testified on direct and without objection that the defendant had committed the burglaries.[1] The admission of this testimony is assigned as error.
Defendant argues that his objection to the state’s cross-examination of the defendant concerning prior crimes was a continuing objection that carried over to the rebuttal testimony of Ms. Morris. In support of his contention defendant relies upon Noteboom v. Savin, 213 Or 583, 322 P2d 916, 326 P2d 772 (1958), which held that an objection may carry over if it is erroneously overruled and the noiiobjected-to testimony is of the same class of evidence as the objected-to testimony.[2]
*[39] The prosecutor’s question relating to Ms. Morris’ employment was part of a series of questions probing into the defendant’s and Ms. Morris’ finances in the months preceding the murder. A similar line of inquiry had occurred during direct examination. The prosecutor’s subsequent questions were in response to the defendant’s implicating Ms. Morris in the two burglaries, and the court overruled defendant’s objection on that ground.
The court’s ruling was not erroneous. The scope of cross-examination is within the sound discretion of the trial court. State v. Sullivan, 230 Or 136, 142, 368 P2d 81 (1962). The court did not err by permitting the prosecutor to inquire further into the two burglaries after the defendant had implicated Ms. Morris in those crimes. Absent an erroneous ruling, an objection cannot be considered a continuing objection under Noteboom v. Savin, supra. State v. Conant, 277 Or 483, 560 P2d 647 (1977).
The defendant contends, however, that his objection related to the relevancy of the prior crimes evidence that the prosecutor was seeking to uncover. Assuming that to be the case, the defendant still failed to bring his objection within the limited ambit of Noteboom v. Savin, supra. The objection was ambiguous at best in that it referred to the "scope of cross-examination,” and, as defendant now argues, also referred to an earlier colloquy between court and counsel over whether the defense had opened up the matter of prior crimes evidence during the course of direct examination of the defendant. For defendant to have properly preserved his objection on relevancy grounds for appeal and bring it within the rule in Noteboom v. Savin, supra, he should have had the *[40] court rule specifically upon the relevancy issue at the time of the objection. Tracy and Baker v. City of Astoria, 193 Or 118, 130, 237 P2d 954 (1951); State v. Longoria, 17 Or App 1, 8, 520 P2d 912, Sup Ct review denied (1974).
Essentially, it is a matter of notice: the court and the opposing counsel must be made aware of the continuing nature of the objection and the court given the opportunity to rule thereon. Having failed to properly preserve the issue at trial we cannot consider it on appeal.
Affirmed.

 "Q Now, one other thing. At the time the truck was purchased, you recall where the money came from?
"A Yes, sir, the fabric store.
"Q Okay. How is it the fabric store lost its money?
"A It was burglarized.
"Q How was that done?
"A I had given [defendant] a key and [defendant] burglarized it.”

The theory behind Noteboom v. Savin, 213 Or 583, 322 P2d 916, 326 *[39] P2d 772 (1958), is that under such circumstances the court is sufficiently-apprised of defendant’s objection to a certain type of evidence, and that it would therefore be a waste of time for an attorney to continually object in a fruitless effort to exclude the same or similar evidence.