Argued and submitted September 20, affirmed December 29, 2004

## Robert Joseph EVERS,
*Respondent,*

*v.*

## Elvira J. RODER,
*Appellant.*

C020430CV; A121516

103 P3d 680

Wendy M. Margolis argued the cause for appellant. With her on the brief were Thomas W. Brown, and Cosgrave Vergeer Kester, LLP.

Matthew H. Kehoe argued the cause for respondent. With him on the brief was Moore & Kehoe, LLP.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

In this personal injury case, the trial court denied defendant's motion to exclude all testimony by plaintiff's expert regarding a form of pain management called "medial branch denervation" on the ground that the testimony was not supported by an adequate scientific foundation. The testimony occurred at a deposition. The first objection based on lack of foundation occurred approximately two weeks later, immediately before trial. The trial court overruled the objection. Plaintiff subsequently prevailed in a jury trial. Defendant appeals. We affirm.

Plaintiff suffered a neck injury in an automobile accident for which defendant admitted liability. A trial was held on the issue of damages. Because plaintiff's expert, Sibell, a pain management specialist, would not be able to attend the trial, his testimony was perpetuated by deposition. *See* ORCP 39 I (describing process for perpetuation of testimony). During that deposition, he testified at length about plaintiff's need to have her neck pain alleviated by medial branch denervation treatments for the rest of her life. At the deposition, defendant did not object to, or in any way question, the validity of that testimony as scientific evidence. Instead, shortly before trial, she filed a "OEC 104 Motion to Exclude" Sibell's testimony regarding medial branch denervation treatment, arguing that it failed to meet the foundational test for admissibility of scientific evidence set forth in *State v. O'Key*, 321 Or 285, 899 P2d 663 (1995). *See also Kumho Tire Co., Ltd. v. Carmichael*, 526 US 137, 119 S Ct 1167, 143 L Ed 2d 238 (1999); *Daubert v. Merrill Dow Pharmaceuticals*, 509 US 579, 113 S Ct 2786, 125 L Ed 2d 469 (1993); *Jennings v. Baxter Healthcare Corp.*, 331 Or 285, 14 P3d 596 (2000). The trial court denied the motion. Ultimately, the jury awarded plaintiff $110,664, including $34,000 for future medical expenses necessary in large part to cover the medial branch denervation treatments.

On appeal, defendant renews her argument that the trial court should have excluded the evidence for lack of scientific foundation. We need not and do not reach that issue.

Instead, we hold that defendant waived her objection by failing to raise the issue at the deposition. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (court can affirm a correct trial court judgment on a basis other than the one on which the trial court relied).

ORCP 39 I(6), which sets out the procedural rules for depositions to perpetuate testimony, states, in part:

> "All objections to any testimony or evidence taken at the deposition shall be made at the time and noted upon the record. The court before which the testimony is offered shall rule on any objections before the testimony is offered. Any objections not made at the deposition shall be deemed waived."

Defendant acknowledges that she did not object at the deposition to questions regarding medial branch denervation treatment, but she maintains that ORCP 39 I(6) nonetheless does not apply here. She bases that argument on the difference between an objection, which, she says, is directed to an improper question, and a motion to strike, which is directed to an answer containing inadmissible material. *Noteboom v. Savien*, 213 Or 583, 589-90, 322 P2d 916, *on reh'g*, 326 P2d 772 (1958); *Hryciuk v. Robinson*, 213 Or 542, 569, 326 P2d 424 (1958). According to defendant,

> "the drafters of ORCP 39 I(6) apparently intended only to require that participants in perpetuation depositions raise or waive their opposition to *questions* that call for improper testimony. But discrete questions calling for testimony that purports to be scientific are not *per se* objectionable, because it is only through the expert witness's testimony that the proponent can establish—and a court ultimately determine—that the testimony is, in fact, admissible as scientifically valid evidence."

(Emphasis in original.)

We find defendant's argument unpersuasive for several reasons. Most obviously, if the drafters had meant to distinguish between objections, which are waived if not raised and are directed at questions, and motions to strike, which are directed at answers—that is, at testimony—they would not have used the phrase "objections to testimony" in the first

sentence of the rule. Put another way, the word "objections" in the first sentence of the excerpt from ORCP 39 I(6), quoted above, obviously applies to a party's challenge both to improper questions and to improper testimony. The use of the same word in the third sentence must have the same meaning. Thus, failure to challenge testimony amounts to a waiver as much as failure to challenge an improper question does.

Further, the 1958 cases upon which defendant relies to draw the distinction between objections and motions to strike predate both Rule 104 of the Oregon Evidence Code, adopted in 1981, Or Laws 1981, ch 892, § 5, and ORCP 39 I(6), adopted in 1978, Council on Court Procedures, Dec 2, 1978. And neither case stands for the proposition that an objection registers a request to disallow only a question and not an answer. Indeed, they support a contrary inference. In *Hryciuk*, the court held only that an objection to an improper question does not automatically extend to the part of an answer that "goes beyond what is called for and improper testimony is produced." 213 Or at 569. The implication is that the objection *does* extend to those parts of the answer that *do not* go beyond what is called for. That implication is confirmed within the same paragraph from which the quotation above is taken, where the court noted that "making an objection to *evidence*, which is admissible because within an exception to a rule of exclusion, does not obviate repeating the objection to similar *evidence* which is not within the exception to the rule." *Id.* at 569-70 (emphasis added). Clearly, the court recognized that the term "objection" applies not only to improper questions, but to the "evidence" that they elicit.

*Noteboom* is to the same effect. There, the defendant objected to a leading question. The plaintiff reframed the question and the defendant let the answer pass "without any objection or any motion to strike." 213 Or at 591. The court held that "[t]he continuing objection attempted to be taken to *any* testimony * * * does not suffice to preserve the questions * * *." *Id.* (emphasis in original). On reconsideration, the court confirmed that "[t]he rule which we applied for determining the sufficiency of an objection *to evidence* in the circumstances of this case in order to preserve the question for review by this court is well established." *Id.* at 593 (emphasis

added). Again, the court referred to a motion to strike as a type of objection, not as a separate procedure.

Another indication that the term "objection" applies to answers as well as questions is OEC 103(1)(a), under which preservation requires, among other things, that,

> "[i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]"

The clear import of this rule is that the terms "objection" and "motion to strike" are functionally interchangeable, that a witness's answer may be challenged by either, and that failure to make that challenge is a waiver. That being the case, defendant's failure at Sidell's deposition could accurately be called either a failure to object or a failure to move to strike. Because the term "motion to strike" applies to pleadings as well as to testimony, *see* ORCP 19 (responsive pleadings), ORCP 23 (amended and supplemental pleadings), ORCP 25 A ("motion to strike an entire pleading"), ORCP 68 C(2)(d) (motion to strike an allegation), the term "objection" would not only be a permissible characterization, but a more accurate one.

Finally, the Supreme Court has interpreted ORCP 39 I(6), at least inferentially, as applicable not only to objections to counsels' questions but also to witnesses' answers as well. In *State ex rel OHSU v. Haas*, 325 Or 492, 511, 942 P2d 261 (1997), the court discussed a perpetuation deposition in which a witness was asked a question that "required only a 'yes' or 'no' answer" and did not on its face necessarily call for improper testimony. The witness's answer, however, included arguably inadmissible material. *Id.* The court applied ORCP 39 I(6) in that situation, ultimately concluding that counsel's "objection made during the perpetuation deposition" was sufficient to preserve the issue on appeal. *Id.* at 512-13. Had the court understood ORCP 39 I(6) to require objections only to questions, the discussion would have been unnecessary.

For all of the foregoing reasons, we conclude that, under ORCP 39 I(6), defendant's failure to object to (or, what

amounts to exactly the same thing, to move to strike) Sibell's testimony at the perpetuation deposition waived the right to challenge that testimony at trial.

Affirmed.